**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNNY JOHNSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:07-CV-1444-O** |
| | § | **ECF** |
| **BARR AIR PATROL, L.L.C.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion for Partial Summary Judgment ("Def. Mot.") and Brief in Support ("Def. Bf.") filed by Barr Air Patrol, L.L.C. on July 14, 2008 (Doc. # 13) and Plaintiff's Response to Defendant's Motion for Partial Summary Judgment ("Pl. Rsp.") filed by Johnny Johnson on August 11, 2008. (Doc. # 16).

Having reviewed the relevant filings, the evidence, and the applicable law, the Court finds that the motion should be and is hereby **GRANTED**.

**I.     Factual and Procedural Background**

This is an employment discrimination and defamation suit. Plaintiff Johnny Johnson ("Plaintiff") asserts claims against his former employer, Barr Air Patrol, L.L.C. ("Barr"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Doc. # 1 ("Compl.") at 1. The undisputed facts show Plaintiff was terminated from his job as a pilot at Barr Air Patrol on June 26, 2006, when he was 60 years of age. Compl. at 2.

Barr operates a fleet of airplanes that patrol pipelines for energy companies. Def. Mot. at 1; Pl.

1

Rsp. at 1.  Plaintiff was hired by Cortney Andrews ("Andrews") as a full-time pilot in July 2005.  Def. Mot. at 1; Pl. Rsp. at 3.  Three to four months into Plaintiff's training, Plaintiff became the captain of the patrol plane used to patrol the pipeline right-of-way for Wolverine Pipe Line Company ("Wolverine"), a subsidiary of ExxonMobil.  Pl. Rsp. at 1.  The purpose of Plaintiff's flight patrol was to report activity or equipment on or near the pipeline right-of-way, so as to alert the company to any possible threats to the pipeline.  Pl. Rsp. at 1.  The planes are manned by a crew of two, consisting of the pilot/captain and an observer that takes notes based on the pilot's observations and watches for in-flight hazards.  Def. App. at 2; Pl. Rsp. at 2.  Plaintiff's obligations as captain consisted of preparing written reports on anything observed on or near the right-of-way, such as crews at work or idle equipment.  Pl. Rsp. at 2.  Upon landing, the written report was faxed to Wolverine, who would then send an employee out to observe what was reported by the pilot and determine if there were any threats to the pipeline.  Pl. Rsp. at 2.

In December of 2005, Barr began receiving complaints from Wolverine about alleged errors in Plaintiff's pilot reports.  Def. Mot. at 2; Def. App. at 4.  On June 13, 2006, an incident occurred in Michigan that resulted in a reprimand to Plaintiff.  Pl. App. at 24.  Subsequently, on June 26, 2006, Plaintiff met with Andrews and the chief pilot of Barr, Darrin Edwards ("Edwards"), to discuss Plaintiff's job performance.  Pl. App. at 53; Def. App. at 53.  During this meeting, Plaintiff's employment was terminated and a Termination Report was prepared immediately thereafter.  Pl. App. at 113.  After termination of his employment, Plaintiff filed a complaint with the Equal Opportunity Commission ("EEOC") alleging he was discriminated against based on his age.  Pl. Comp. at 2.  The EEOC issued Plaintiff a right-to-sue letter on or about August 13, 2007.  *Id*. at 2-3.  On August 22, 2007, Plaintiff filed this suit for age discrimination and defamation against Barr.  *See* Compl. at 2.

Barr moves for partial summary judgment on Plaintiff's claims for age discrimination.  Def. Mot. at 1.  The issues have been briefed by the parties and this matter is ripe for determination.

**II.     Standard of Review**

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the Defendant is proper if, after adequate time for discovery, the Plaintiff fails to establish the existence of an element essential to her case and to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

**III.    Analysis**

Barr moves for summary judgment on Plaintiff's age discrimination claim on the grounds that Plaintiff's employment was terminated for legitimate, nondiscriminatory reasons. Def. Bf. at 1. Barr also moves for summary judgment on the basis of the "same actor" doctrine. Def. Bf. at 1. Plaintiff responds that there is a genuine issue of fact regarding the truth of Barr's proffered reasons for his termination. Pl. Rsp. at 14-5. In addition, Plaintiff contends that there is evidence of Barr's discriminatory animus creating a genuine issue of material fact. Pl. Rsp. at 15. Plaintiff also contends that there is sufficient evidence to overcome any inference created by the "same-actor" doctrine. Pl. Rsp. at 16-7. Thus, Plaintiff asks the Court to deny Barr's motion, allowing this claim to proceed to trial.

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To withstand an employer's motion for summary judgment on an ADEA claim, plaintiff must present evidence, which can be direct or circumstantial, sufficient to create a genuine issue of fact that he or she was discriminated against by an employer. *See Evans v. City of Bishop*, 238 F.3d 586, 590-92 (5th Cir. 2000).

4

The Court's analysis regarding whether a plaintiff has raised a genuine issue of fact depends upon whether plaintiff presents direct or circumstantial evidence. *Rachid v. Jack In The Box*, 376 F.3d 305, 309 (5th Cir. 2004). When the evidence is direct, the court uses a conventional approach in assessing whether summary judgment should be granted. *Id.* However, when a plaintiff relies on circumstantial evidence, the court must evaluate the case within the burden-shifting framework erected by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005); *Rachid*, 376 F.3d at 308-13. The Court now addresses the type of evidence Plaintiff has produced in support of his ADEA claim.

    **1.**    **Direct evidence**

Direct evidence is evidence which, if believed, proves the fact in question without inference or presumption. *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003). In the employment discrimination context, this includes "any statement or document which shows on its face that an improper criterion served as the basis for an adverse employment action." *Id.* at 415. However, if an inference is required for the evidence to be probative as to an employer's discriminatory animus in terminating the former employee, the evidence is circumstantial, not direct. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897-98 (5th Cir. 2002).

Workplace comments may be used as direct or circumstantial evidence of employment discrimination. In order for a discriminatory comment or remark to constitute direct evidence of employment discrimination, the Fifth Circuit holds that the comment must meet the strict four-factor test set forth in *Brown v. CSC Logic, Inc.*, 82 F.3d 651 (5th Cir. 1996). S*ee also Acker v. Deboer, Inc.*, 429 F. Supp. 2d 828, 838 (N.D. Tex. 2006). Under the *CSC Logic* test, a workplace remark constitutes direct evidence of discrimination if it is: (a) related to the protected class of persons of which the plaintiff is a

member, (b) proximate in time to the employment decision at issue, (c) made by an individual with authority over the employment decision at issue, and (d) related to the employment decision at issue. *Brown*, 82 F.3d at 655; *Acker*, 429 F. Supp. at 838.  The four-factor *CSC Logic* test does not apply, however, where the workplace remark is presented as circumstantial evidence of discrimination under the *McDonnell Douglas* framework.  *See Laxton v. Gap, Inc.*, 333 F.3d 572, 583 n. 4 (5th Cir. 2003); *Acker*, 429 F. Supp. at 838.  A plaintiff wishing to use workplace remarks as circumstantial evidence of employment discrimination need only prove that the remarks demonstrate discriminatory animus on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decision-maker.  *Laxton*, 333 F.3d at 583; *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002); *Acker*, 429 F. Supp. at 847.

      Here, Plaintiff does not assert, nor does the Court find, that there is direct evidence of employment discrimination.  While Plaintiff presents evidence in the form of his own testimony of an age-related comment made by his supervisor, Andrews, the Court does not find that this comment qualifies as direct evidence of discrimination under the *CSC Logic* test.  *See* Pl. Rsp. at 14.  Specifically, Plaintiff alleges that he overheard Andrews say to Edwards three to four months prior to his termination that "flying pipeline patrol is a young man's job."  *Id.*  This workplace remark fails to meet the *CSC Logic* test for direct evidence because Plaintiff has failed to show how this comment relates to the employment decision at issue.  *See Brown*, 82 F.3d at 655.  Because a jury would have to infer from the alleged remark that age was a determining factor in the termination decision, the comment may only serve as circumstantial evidence of discrimination.  *See Allen v. Solo Cup Company*, No. 3:05-cv-0848-R, 2006 U.S. Dist. LEXIS 47593, at *17 (N.D. Tex. July 13, 2006).  Likewise, the remainder of Plaintiff's evidence requires an inference or presumption to support his claim of discrimination under the ADEA.  Therefore, the Court finds that Plaintiff has presented circumstantial evidence and must therefore evaluate

whether summary judgment is appropriate under the burden-shifting framework erected by *McDonnell Douglas Corp.  See Rachid*, 376 F.3d at 308-13; *Machinchick*, 398 F.3d at 345.

    2.    **Circumstantial Evidence**

Because Plaintiff's evidence is circumstantial, the Court evaluates whether summary judgment is appropriate using the *McDonnell Douglas* approach. *Id.*  The *McDonnell Douglas* burden-shifting approach has three phases. *See Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001).  Under the first prong, plaintiff must establish a *prima facie* case of age discrimination, demonstrating that he or she (1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of discharge (e.g. over 40 years of age); and (4) was either (i) replaced by someone outside the protected class; (ii) replaced by someone younger, or (iii) otherwise discharged because of age. *Rachid*, 376 F.3d at 309.

Once plaintiff makes a *prima facie* case, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for the challenged employment decision. *Machinchick*, 398 F.3d at 352.  The defendant need not persuade the court that it was actually motivated by the proffered reasons. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981).[1]  At this stage, the burden on the employer is only one of production, not persuasion, involving no credibility assessments. *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir. 2000).  It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. *Burdine*, 450 U.S. at 255.  The rebuttal of the presumption created by the *prima facie* case requires only a minimal showing. *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 813 (5th Cir. 1991).  However, the explanation provided must be legally sufficient, assuming it is believed, to justify a judgment for the defendant. *Burdine*, 450

---

[1] The Court notes that *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981), involves discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  However, cases involving discrimination under Title VII serve as compelling precedent for ADEA discrimination cases where similar provisions of the ADEA and Title VII are at issue. *See Smith v. City of Jackson*, 544 U.S. 228, 233-34 (2005) (noting that a unanimous interpretation of a section of Title VII with the same language as the corresponding ADEA provision is "precedent of compelling importance").

U.S. at 255.  An articulation not admitted into evidence will not suffice, and defendant cannot meet its burden merely through an answer to the complaint or by argument of counsel.  *Id.* at 256, n. 9.

Once defendant articulates a legitimate, nondiscriminatory reason for the employment decision at issue, plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that defendant's reason is not true, but is instead a pretext for discrimination; or (2) that defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic.  *Rachid*, 376 F.3d at 312.  A plaintiff relying on circumstantial evidence has the option of (1) offering evidence showing that defendant's proffered nondiscriminatory reasons are false, or (2) offering evidence showing that age was a motivating factor for the defendant's adverse employment decision.  *Machinchick*, 398 F.3d at 352.  If a plaintiff demonstrates that age was a motivating factor in the employment decision, the burden shifts to defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus.  *Id.*

### a.        Plaintiff's *prima facie* case

Barr does not address whether Plaintiff has established a *prima facie* case.  *See* Def. Mot.; Def. Bf.  Instead, Barr argues that Plaintiff cannot meet his burden of proving intentional discrimination.  Def. Bf. at 4.  Because Barr does not move for summary judgment on the ground that Plaintiff cannot establish a *prima facie* case under the ADEA, Barr bears the burden of articulating a legitimate, nondiscriminatory reason for its termination of Plaintiff's employment.  *See Machinchick*, 398 F.3d at 352.

### b.        Barr's legitimate, nondiscriminatory reasons

8

Barr alleges that Plaintiff's employment was terminated due to poor job performance. Def. Mot. at 1. In support of this assertion, Barr presents evidence of: (1) customer complaints, (2) complaints from other employees at Barr, and (3) a reprimand issued to Plaintiff regarding the incident that occurred in Michigan on June 13, 2006 (the "Michigan incident"). Def. Mot. at 1-2; *see* Def. App. at 24.

With respect to customer complaints, Barr has presented evidence showing that on December 19, 2005, Tom Buchner of ExxonMobil sent a fax communication to Andrews relaying complaints made by Fred W. Hipshear, Wolverine representative, about alleged errors in Plaintiff's pilot reports. Def. App. at 4-6. The fax communication attached three separate faxes sent by Mr. Hipshear to Mr. Buchner that complained of confusing air patrol reports submitted by Plaintiff for the Wolverine pipeline route. *See id.* In addition, Barr has presented evidence that during the week of March 6, 2006, Mr. Buchner sent an email to Andrews complaining of alleged errors in Plaintiff's pilot reports, and that during the week of April 4, 2006, Mr. Hipshear submitted a letter of complaint to Mr. Andrews regarding alleged inaccuracies within Plaintiff's pilot reports. Def. App. at 7, 9-19. Attached to the April 4, 2006 letter were nine air patrol reports with alleged errors made by Plaintiff. Def. App. at 11-19. Barr has also presented evidence that on June 20, 2006, Mr. Buchner of ExxonMobil sent a fax communication to Edwards complaining of alleged errors in Plaintiff's pilot reports. Def. App. at 20-22.

Barr also points to evidence of written complaints from other Barr employees. Shane Brooks, an observer on Plaintiff's flight patrol, sent an email to Edwards on June 15, 2006 regarding alleged safety concerns with Plaintiff's flight performance on May 31 and June 1, 2006. Def. App. at 23. Boyd Ed Wier, also an observer on Plaintiff's flight, submitted a written complaint on June 22, 2006 regarding an alleged discriminatory comment made by Plaintiff during the week of May 22, 2006. Def. App. at 23, 25. The written complaint from Boyd Ed Wier asserts that he overheard Plaintiff make a discriminatory comment to customers that "[t]he government should let the civil air patrol guard the border and give

9

them all rifles so they could shoot the Mexicans." Def. App. at 25; *see* Pl. App. at 25. Wier's complaint also states that he is of Hispanic heritage and felt that Plaintiff treated him with an "intolerable indifference" because of his heritage. *Id.*

In further support of its articulated nondiscriminatory reasons, Barr presents evidence of a reprimand issued to Plaintiff on June 19, 2006 for alleged violations committed during the Michigan incident. Def. App. at 24. The undisputed facts show that while Plaintiff was flying through the controlled airspace of Ann Arbor tower on June 13, 2006, he deviated from his 360 degree turn request without first asking for permission from the Air Traffic Controller, Kim Fairman. Pl. Rsp. at 4-5; Def. App. at 32-6. A Reprimand Report was completed by Edwards on June 19, 2006 alleging that Plaintiff committed violations of "Safety of Flight, deviation of FAA procedures [sic] while in an airport traffic area." Def. App. at 24.

The Court finds that Barr has articulated legitimate, nondiscriminatory reasons for its decision to terminate Plaintiff's employment, successfully rebutting the presumption created by Plaintiff's *prima facie* case.

    **c.**    **Evidence of Discriminatory Intent**

Barr has offered a legitimate, nondiscriminatory reason for termination of Plaintiff's employment, thus to survive summary judgment, Plaintiff must present sufficient evidence to create a genuine issue of material fact that either (1) defendant's reasons are not true, but are instead a pretext for discrimination; or (2) defendant's reasons, while true, are only some of the reasons for its conduct, and another motivating factor is the plaintiff's age. *See Machinchick,* 398 F.3d at 352. If relying on circumstantial evidence, Plaintiff may either (1) offer evidence showing that defendant's proffered nondiscriminatory reason is false, or (2) offer evidence showing that age was a motivating factor for the defendant's adverse

employment decision. *Id.* "The evidence offered to counter the employer's proffered reasons must be substantial." *Allen,* 2006 U.S. Dist. LEXIS 47593, at *37.

Plaintiff may survive summary judgment if he presents sufficient evidence to create a genuine issue of material fact that defendant's articulated reason for his termination is not true, but is instead a pretext for discrimination (the pretext alternative). *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). A mere scintilla of evidence of pretext does not create an issue of material fact in all cases. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 866, 902-03 (5th Cir. 2000). A plaintiff must present *sufficient* evidence to find that the employer's asserted justification is false. *Id*. at 903. Evidence demonstrating the falsity of the defendant's explanation, taken together with the *prima facie* case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. *Sanstad*, 309 F.3d at 897. Thus, it is possible for a plaintiff to survive summary judgment by producing evidence that creates a jury issue as to the falsity of the employer's legitimate nondiscriminatory explanation. *Id*.; *Acker* , 429 F. Supp. at 897. However, summary judgment is appropriate, even if plaintiff has established a *prima facie* case and set forth sufficient evidence to reject a defendant's explanation, where "no rational factfinder could conclude that the action was discriminatory." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). In determining whether a plaintiff has provided sufficient evidence of pretext to proceed to a trial, "a court should consider the strength of plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case." *Crawford*, 234 F.3d at 902 (quoting *Reeves*, 530 U.S. at 148-49).

Under the alternative method of showing discriminatory intent, Plaintiff may survive summary judgment by presenting evidence to create a material issue of fact that defendant's stated reasons for discharge, while true, are only some of the reasons for its conduct, and that another "motivating factor" is

plaintiff's age (mixed-motives theory). *Allen*, 2006 U.S. Dist. LEXIS 47593, at *39; *See Rachid*, 376 F.3d at 312. Under a mixed-motives theory, a plaintiff is "not required to establish that his age was the sole reason he was discharged." *See Acker*, 429 F. Supp. at 845. At the very least, a plaintiff presenting a mixed motives claim must show that an improper motive was one of several motives for the adverse employment action. *Id.* In doing so, "the plaintiff must prove that age actually played a role in and had a determinative influence on the employer's decision-making process." *Id.* If a plaintiff is able to show that age was a motivating factor in the employment decision, "it then falls to the defendant to prove that the same adverse action would have been made regardless of discriminatory animus." *Rachid*, 376 F.3d at 312. If the employer fails to carry this burden, then his motion for summary judgment must be denied. *Id.*

Barr's articulated legitimate, nondiscriminatory reasons for termination frame the factual issues with which Plaintiff will need to demonstrate pretext or mixed motive. *Burdine*, 450 U.S. at 255-56. As previously discussed, Barr has articulated that Plaintiff was terminated due to poor job performance, and has presented evidence of customer complaints, complaints from other employees, and a reprimand issued to Plaintiff regarding the Michigan incident.

Plaintiff argues that Barr's articulated non-discriminatory reasons are false, and that even if true, he has presented sufficient evidence to show that age was a motivating factor in the discharge decision. Plaintiff argues that the fact that the Michigan incident did not result in a violation from the Federal Aviation Administration ("FAA"), but that Barr indicated it as such on Reprimand/Termination Reports, is evidence of pretext. In addition, Plaintiff argues that the complaints made by Barr employees Shane Brooks and Boyd Ed Wier were without a factual basis, demonstrating Barr's articulated reasons are false. Plaintiff argues that the complaints were merely collected to substantiate his termination. Plaintiff also argues that he corrected several of the pipeline reports alleged to have errors, that the reports at issue were a very few out of "700 some-odd" reports made by him, and that he was only counseled for one of

12

the allegedly faulty reports. Plaintiff also contends that he has produced evidence that Andrews said "flying pipeline patrol is a young man's job" and that this evidence is sufficient to show that age was motivating factor in the discharge decision.

The Court finds that Plaintiff has failed to present sufficient evidence to create a genuine issue of material fact under either the pretext or mixed motives theory for establishing discriminatory intent. Barr has articulated that Plaintiff was terminated due to poor job performance, and Plaintiff has failed to raise a genuine issue of fact regarding whether this reason was pretextual. The undisputed evidence shows that on June 13, 2006, Plaintiff failed to ask for permission from the Air Traffic Controller to deviate from his 360 degree turn request while flying through the controlled air space. The evidence further shows that in connection with this event, Barr filled out a form indicating that Plaintiff's turn was a safety violation, as well as an FAA violation. While Plaintiff has produced evidence demonstrating that this incident did not result in a violation from the FAA, the Court does not find that this evidence raises a genuine issue of fact that Barr's articulated reason, poor job performance, was pretextual. The Court finds that Plaintiff has not presented evidence showing that the Michigan incident is a false reason for termination; he has merely presented evidence showing that his deviation from the 360 turn was inaccurately labeled as an FAA violation on Barr forms. Barr's articulated reason is poor job performance, not violation of any FAA rule or standard, and Plaintiff does not dispute that his 360 degree turn was a safety issue. Accordingly, the Court does not find that Barr's mislabeling of Plaintiff's undisputed safety violation as an FAA violation raises a genuine issue of material fact that Barr's articulated non-discriminatory reasons are false.

Similarly, the Court does not find that Plaintiff's evidence suggesting the complaints from Boyd Ed Wier and Shane Brooks were without a factual basis raises a genuine issue of fact that Barr's articulated reasons are false. When "an employee is discharged based on complaints lodged by other employees, the validity of the initial complaint is not the central issue, because the ultimate falseness of

13

the complaint proves nothing as to the employer, but only as to the complaining employee." *Evans,* 547 F. Supp. 2d at 647. The real issue is whether the employer reasonably believed the employee's allegation and acted on it in good faith, or, to the contrary, whether the employer did not believe the co-employee's allegation but instead used it as a pretext for an otherwise discriminatory dismissal. *Id.* "The inaccuracy of reports, absent evidence that management was somehow complicit, is not indicative of discrimination or pretext." *Id.* Plaintiff bears the burden of demonstrating that the employer did not believe in good faith the employee complaint but relied on it as a pretext for discrimination. *Id.*

Here, Plaintiff has not presented evidence suggesting that Barr relied on employee complaints in bad faith. Plaintiff does not dispute that the complaints were made to Barr; he merely questions the basis of the complaints, and also asserts that the complaints were collected to substantiate his termination. However, Plaintiff's assertion that Barr "rounded up" these complaints to justify his termination is insufficient to show discriminatory intent. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 304-6 (5th Cir. 2000) (holding that the fact that the employer built a file against older employees for their disciplinary violations was insufficient to create inference that employees were fired on account of age in violation of ADEA, absent any evidence that employer kept disciplinary files only on older workers). Therefore, the Court finds that Plaintiff's evidence regarding the employee complaints fails to raise a genuine issue of material fact that Barr's articulated reasons are false.

Likewise, the Court finds that Plaintiff's argument as to the customer complaints about his alleged errors in the pipeline reports fails to raise a genuine issue of material fact that Barr's articulated reasons are false. While Plaintiff attempts to explain the reasons for the errors in his pipeline reports and claims that he submitted corrected reports to Wolverine, he does not dispute that the customer complaints were made. Because Plaintiff has failed to produce sufficient evidence showing that Barr did not reasonably believe the complaints about the alleged errors in his pipeline reports and act on them in good

14

faith, the Court finds Plaintiff's evidence regarding the customer complaints fails to raise a genuine issue of material fact of discriminatory intent. *See Evans,* 547 F. Supp. 2d at 647 (holding that the Plaintiff has the burden to show that the employer did not believe the complaints in good faith, but instead relied on them as a pretext for discrimination.)

Plaintiff also relies on the age-related comment made by Andrews as evidence of discriminatory intent. *See* Pl. Rsp. at 14-5. An oral statement exhibiting discriminatory animus may be used to demonstrate pretext, or it may be used as additional evidence of discrimination. *Laxton*, 333 F. 3d at 583. The value of age-related comments depends upon the content of the remark and the speaker. *Russell*, 235 F.3d at 225. A plaintiff wishing to use workplace remarks as circumstantial evidence of employment discrimination need only prove that the remark demonstrates (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decision maker. *Allen*, 2006 U.S. Dist. LEXIS 47593, at *43.

The determination of workplace remarks as sufficient evidence of discriminatory intent is made on a case-by-case basis, depending on the nature, extent, and quality of the evidence. *See Allen*, 2006 U.S. Dist. LEXIS 47593, at *44. For example, the court in *Allen* found comments directed at the plaintiff-employee by his supervisor that he was "too slow," "an old man," and that he needed to "speed up his work" were sufficient evidence of discriminatory animus, in light of the fact that the comments were made in the context of constant "nitpicking" and "harassment" concerning Plaintiff's speed, efficiency, and work ability. *Id.* On the other hand, the court found references to plaintiff-employee as an "old-timer" as insufficient evidence of age-based animus, based on the context in which the comment was used, its ambiguity, and the absence of any other such comments. *Garcia v. Radiology Assocs.*, No. SA-06-CA-294-XR, 2007 U.S. Dist. LEXIS 53028, at *28-9.

The Court finds that the alleged comment made by Andrews that "flying pipeline patrol is a young man's job" is insufficient to establish discriminatory intent. In this case, although Andrews' comment is age-related, the Court finds that it does not indicate age-based animus. *See Garcia*, 2007 U.S. Dist. LEXIS 53028, at *28-9. The comment made by Andrews is more similar to the situation in *Garcia*, where the Court found the single comment of "old-timer" as insufficient to establish discriminatory intent, than the case in *Allen*, where there were repeated comments made directly to the employee in the context of constant harassment. *See Garcia*, 2007 U.S. Dist. LEXIS 53028, at *28-9; *See Allen*, 2006 U.S. Dist. LEXIS 47593, at *44. While the comment does not have to be made directly to Plaintiff in order to serve as circumstantial evidence, it does have to indicate age-based animus. *See Garcia*, 2007 U.S. Dist. LEXIS 53028, at *28-9. The Court finds that the comment, without more, is insufficient evidence to establish age-based animus. Accordingly, the Court finds that Plaintiff has failed to raise a genuine issue of material fact as to pretext or discriminatory intent.

Furthermore, this conclusion is supported by the "same-actor" doctrine. The same-actor doctrine creates an inference that no discrimination occurred when the individual who allegedly discriminated against the plaintiff was the same individual who hired the plaintiff. *Russell*, 235 F.3d at 229; *see* Brown, 82 F.3d at 658. ("From the standpoint of the putative discriminator, it hardly makes sense to hire workers from a group one dislikes . . . only to fire them once they are on the job.") The inference serves to negate a plaintiff's allegation that non-discriminatory reasons given for termination are pretextual. *See id.* However, the inference created by the same-actor doctrine "can be overcome by sufficient evidence that the stated reason for termination was pretext for discrimination." *Brown*, 82 F.3d at 651.

Barr raises the same-actor doctrine in support of its argument that Plaintiff cannot establish discriminatory intent. Def. Bf. at 4. Because it is uncontested that Plaintiff was hired and fired by the same person, Plaintiff does not dispute that the "same actor" doctrine applies. Instead, Plaintiff argues

that there is sufficient evidence to overcome the inference created by the "same actor" doctrine. *Id.; see* Pl. Rsp. at 16-7. The Court disagrees, and finds that Plaintiff has failed to produce sufficient evidence to overcome the inference created by the "same actor" doctrine. *See Schutze v. Fin. Computer, Software, LP, et al.*, No. 3:04-CV-0276-H, 2006 U.S. Dist. LEXIS 73734, at *15-6 (N.D. Tex. Sept. 29, 2006) (holding that plaintiff's circumstantial evidence of discriminatory intent failed to overcome the inference created by the same-actor doctrine); *see also Brown v. CSC Logic, Inc.*, 82 F.3d at 656 (holding that even plaintiff's *direct* evidence of discriminatory animus failed to overcome the inference established by the same-actor doctrine) (emphasis added); *but see Huan v. Ideal Indus., Inc.*, 81 F.3d 541, 546 (5th Cir. 1996) (declining to establish a rule that no inference of discrimination can arise under the same actor circumstances). Accordingly, the Court finds that the same-actor doctrine supports the finding that summary judgment in favor of Barr is appropriate.

## IV.  Conclusion

In sum, the Court finds that Plaintiff has failed to present sufficient evidence to raise a genuine issue of material fact regarding whether Barr's legitimate, nondiscriminatory reason has been offered as a pretext for unlawful discrimination. Specifically, Plaintiff has failed to raise issues as to whether he was terminated for poor job performance. Likewise, Plaintiff has failed to provide sufficient evidence to create a genuine issue of material fact that age was a motivating factor in the termination decision. Based on the insufficient evidence and the inference created by the "same actor" doctrine, the Court finds that Defendant's Motion for Partial Summary Judgment (Doc. # 13) should be and is hereby **GRANTED**.

Accordingly, Plaintiff's claims for age discrimination are hereby **DISMISSED with prejudice.**

**SO ORDERED** this **31st** day of **March, 2009.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**